## No. 3109
## Second Circuit

---

## AARNES v. KAPLAN & SON, ET ALS.

---

(December 21, 1927.  Opinion and Decree.)
(February 3, 1928.  Rehearing Refused.)

---

*(Syllabus by the Court)*

1. Louisiana Digest — Sales — Par. 202; Fraudulent Conveyances—Par. 77.

One who purchases goods that have been stolen must surrender them to the owner on demand, even though he

purchased in good faith.
C. C. 2452.
17 R. C. L. 98.
Weld vs.. Donlin, 13 La. 461. ·

**2. Louisiana Digest—Fraudulent Convey-
ances—Par. 74, 97.**

On discovering that property he has pur-
chased was stolen, the purchaser
should endeavor to find the owner and
restore it to him; and *f he fail to do
so the owner coming to the premises
where it is in search of it he denies
having the property and refuses to
permit the search, such purchaser be-
comes a possessor of the property in
bad faith and is liable to the owner
for its value as having converted it
to his own use.
Seelig vs. Dumas, 48 La. Ann. 1494.
Reynolds vs. Riess, 145 La. 155, 81 So.
884.
Compton vs. Simms, 209 Ala. 287, 96
So. 185.
Clanton vs. Conway, 63 Fla. 256.

**3. Louisiana Digest—Evidence—Par. 59,
250, 352.**

A claim for money necessarily expended in
searching for goods that have been
stolen must be established with legal
certainty as to each item thereof,
showing by direct and positive proof
when and how and for what purpose
the money was expended.
Carver vs. Harris, 19 La. Ann. 121.

**4. Louisiana Digest—Appeal—Par. 568,
571.**

Act No. 273 of 1916 is a police measure
and as to whether it has any applica-
tion in a civil action is not necessary
to be decided here, for the reason that
as to twenty joints of the pipe claimed
by plaintiff defendants converted them
to their own use and as to sixteen
joints the evidence shows that defend-
ants purchased them in good faith.

Appeal from the Fourth Judicial District
Court of Louisiana, Parish of Ouachita.
Hon. J. T. Shell, Judge.

Action by H. W. Aarnes against M. Kap-
lan & Son et als.

There was judgment for plaintiff and
defendants appealed.

Judgment reversed.

Stubbs & Thompson, of Monroe, attor-
neys for plaintiff, appellee.

Hudson, Potts, Bernstein and Sholars, of
Monroe, attorneys for defendants, appel-
lants.

## STATEMENT OF THE CASE

REYNOLDS, J.　Plaintiff sues defend-
ants, who are dealers in junk, for $1149.96
and legal interest thereon from judicial
demand as the value of forty-two joints of
6-inch pipe stolen from him and purchased
by defendants in alleged bad faith and for
$224.88 alleged to have been necessarily
expended by him in searching for his
property.

Defendants admitted purchasing thirty-
six joints of pipe but denied getting more
and denied knowledge of the theft.　They
admit refusing to return the pipe to
Tullos, Louisiana, whence it was taken, or
to pay plaintiff the $224.88, and alleged
that they offered to return the pipe to
plaintiff at Monroe, Louisiana, where they
got it and that he refused to receive it
elsewhere than at Tullos.

On these issues the case was tried and
there was judgment in favor of plaintiff
and against defendants for $952.64 as and
for the value of the pipe and for the
$224.88 with legal interest on both amounts
from judicial demand.　Defendants ap-
pealed.　In this court defendants moved
to remand the case to enable them to in-
troduce newly discovered evidence tending
to show good faith on their part in pur-
chasing the pipe.

## OPINION

There is no serious dispute between the
parties that the pipe defendants admit
getting was plaintiff's property or that it
was worth the price alleged.　The real con-

troversy is as to whether defendants got forty-two instead of thirty-six joints, whether they bought with knowledge that the pipe was stolen, and whether plaintiff must accept the return of the pipe or may recover its value.

Counsel for defendants say, in brief:

"However, so far as the merits of this controversy are concerned, we think that it may be fairly stated that this record proves that there was stolen from the plaintiff's storage place near Tullos, Louisiana, thirty-six joints of six (6″) inch pipe, which pipe was sold by the men, King and Greer, to the defendant, Kaplan, at his junk yard in Monroe, Louisiana, the said sale being made at the yard by the said parties who represented themselves to be the owners thereof."

And they propound the question:

"Was Kaplan an innocent or a guilty purchaser of this stolen property?"

We do not think the evidence sustains plaintiff's contention that defendants purchased the pipe in bad faith.

And this conclusion renders it unnecessary for us to consider their application to remand the case to enable them to prove good faith.

Nor do we think the evidence shows that defendants received more of plaintiff's pipe than they admit receiving.

As to the value of the pipe, plaintiff testified that he paid $1149.96 for forty-three joints, which is equivalent to $26.74 a joint; and although the pipe had been used some it was still practically new, and we accept the value put upon it by plaintiff's evidence.

Plaintiff testified that in March, 1927, he had an interview with David Kaplan, one of defendants, and as to what took place at it he testified:

"Q. Now, at that time, what, if any, admissions or statements did Mr. David

Kaplan make you regarding the second lot of pipe?

"A. Well, he stated that if I could prove ownership that he would pay for that pipe. I told him that I would not accept it; that they had taken it and I had thought—that is, I felt positive they had taken all of it. I admitted to him that I couldn't prove it. He told me that, as a man of his word, M. Kaplan had been in business for twenty-five years, and he said: 'We have never bought pipe or anything else from the town of Tullos, excepting this one time, and I can take you to my place and show you our books and let you see.' He told me that I could go out to his place and look at his stock and go over his books. I said: 'Now, if you want to settle with me and pay me for all of my pipe ——'."

The pipe here referred to as the second lot was the sixteen joints that defendants bought from Greer. Defendants offered to restore it to plaintiff who declined to accept it. As the purchaser in good faith of stolen property is only obliged to surrender it where and as he received it and is only liable for its value when he converts it to his own use, as to the sixteen joints in question plaintiff is only entitled to judgment for possession of it or its value in case possession is not given on demand.

Plaintiff further testified that in response to Mr. David Kaplan's invitation he went to M. Kaplan & Son's place of business, and:

"Q. Where did you see him?
"A. In his office.
"Q. Did you go anywhere except in his office?
"A. I went out in the yard and asked for him.
"Q. Did you make an inspection out there?
"A. No, sir.
"Q. What was the conversation you had at that time?
"A. Well, I said: 'You told me positively once before that you had not gotten any pipe from Tullos excepting the pipe that we found you with, and I have since

found evidence that you have gotten some more and I have proof by truck drivers that you got it.' I said: 'I don't want any litigation and don't want any trouble; I want either my pipe or money to pay for it.'

"Q. Yes, well what did he say?

"A. Old man Kaplan says: 'You are a trouble maker. Get out of here. I don't want to talk with you.'"

This, in our opinion, constituted a conversion by the defendants of the twenty joints of pipe and thereby rendered them liable to plaintiff for the value thereof in this action.

As to plaintiff's claim for damages in the sum of $224.88, alleged to have been sustained by him in searching for the stolen pipe, we do not think he has established this demand with that legal certainty the law requires. The items making up this total are as follows:

March 2nd, 1927 _____$ 7.00
March 2nd, 1927 _____ 20.00
March 5th, 1927 _____ 15.00
March 5th, 1927 _____ 3.23
March 7th, 1927 _____ 10.00
March 10th, 1927 _____ 25.00
March 14th, 1927 _____ 10.00
March 17th, 1927 _____ 14.65
J. E. Erwin, 12 days at $10.00 per day _____ 120.00

Asked what the item of $7.00 represented he said:

"I can't answer that. I have about thirty men working for me and all those records are kept in my office. That is my bookkeepers' record. I couldn't tell you who spent it."

* * * *

He then said that the money had been expended by himself and one J. E. Erwin, whereupon he was asked:

"Q. Will you swear that you spent seven dollars on March 2nd, 1927?"

And he answered:

"A. No, sir."

And he was asked:

"Q. Will you swear that J. E. Erwin spent seven dollars on March 2nd, 1927?"

And he answered:

"A. No, sir; I will swear that one or other of us spent it."

Again:

"Q. Who spent that item of $20.00 on March 2nd, 1927?

"A. The same thing applies on every item.

* * * *

"Q. Now, then, on March 5th, 1927, Virginia Hotel, $15.00.

"A. I paid that in person. I can swear to that item.

"Q. Now what did you do there, Mr. Aarnes; did you cash a check for $15.00 or did you pay that amount in settlement of a bill due them?

"A. I paid that for room rent and expenses while I was here.

"Q. Your item says here Virginia Hotel, $15.00. Now did you or not pay them $15.00?

"A. Oh, I got $15.00 in U. S. currency from the Virginia Hotel.

"Q. Then, as a matter of fact, you didn't pay them $15.00 but got a check cashed for $15.00, didn't you?

"A. Yes, I did; and paid them in currency.

"Q. How much did you pay them?

"A. I couldn't tell you, sir; I don't keep up with all those things; I have something else to do.

"Q. Now, on March 5th, in addition to having cashed the check for $15.00 at the Virginia Hotel, there is an item of cash expended of $3.23. Who spent that?

"A. I couldn't tell you all those items.

"Q. All right. On March 7th, cash expended, $10.00, even money. Do you know who spent that?

"A. It was either J. E. Erwin or myself. One or the other of us.

"Q. The same testimony applies to that item also?

"A. Yes, sir.

"Q. On March 10th, 1927, you say you paid J. E. Erwin for expenses $25.00?

* * * *

"Q. Was that a check or was it in money?

"A. That was a check I gave him.

"Q. Did he spend that $25.00?

"A. He said he did, and I think he did.

\* \* \* \*

"Q. The next item is one of your own. March 14th, cash expended by H. W. Aarnes, $10.00. What was that for?

"A. The same thing applies there as the first answer.

\* \* \* \*

"Q. All right, what did you spend it for?

"A. I have repeatedly told you I paid hotel bills and bills for eating; I can't tell you the exact amount of everything I spent. I can't keep up with all those little things. I have got other things to do.

\* \* \* \*

"Q. What's the idea of this item: March 17th, 1927, paid J. E. Erwin, 12 days at $10.00 per day, did you pay him that?

"A. I did."

J. E. Erwin was interrogated as to this payment, and testified:

"Q. How much did Mr. Aarnes pay you for helping him to find this stolen pipe?

"A. Mr. Aarnes never fixed any particular salary to pay me for helping him find the pipe. I was already in his employ at a straight salary of ten dollars a day.

\* \* \* \*

"Q. Wasn't it $120.00 he gave you for that?

"A. I will be frank with you, I couldn't tell you. To tell the truth, I am in debt to Mr. Aarnes at the present time and I haven't kept any books on the amount of money I received from him, and I couldn't tell you how we stand."

The evidence introduced by plaintiff in support of his claim for expenses incurred in searching for the pipe is entirely too indefinite to become the basis of a judgment even if the defendants were liable therefor, as to which it is unnecessary to express an opinion.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, H. W. Aarnes, do have judgment against defendants, M. Kaplan & Son and Max Kaplan and David M. Kaplan, in solido, decreeing him to be the owner and entitled to the immediate possession of the sixteen joints of six-inch pipe purchased by them from Greer and belonging to plaintiff and that upon default on the part of defendants in delivering said pipe to plaintiff on demand at their place of business in the city of Monroe, Louisiana, that plaintiff have judgment against said defendants in solido for the sum of four hundred and twenty-seven and 84-100 dollars with legal interest thereon from judicial demand.

It is further ordered, adjudged and decreed that plaintiff have judgment against said defendants in solido for the further sum of five hundred and thirty-four and 80-100 dollars with legal interest thereon from judicial demand, as damages sustained by him by the conversion by defendants to their own use of the twenty joints of six-inch pipe belonging to plaintiff purchased by them from King.

It is further ordered, adjudged and decreed that plaintiff's claim for $224.88, damages alleged to have been sustained by him in searching for the stolen pipe be rejected.

All costs of the District Court to be paid by defendants; plaintiff to pay the costs of this court.