YARRUT, Judge.
Plaintiff-Appellee is the subrogated insurer on fidelity bonds issued to Haspel Bros., Inc. (nationally known men’s clothing manufacturer), indemnifying the latter against loss of property or money by the fraud or dishonesty of its employees or others in collusion with them.
Defendants-Appellants are the once trusted employees of Plaspel Bros. (Ramon), and others who, it is charged, in concert with Ramon over a period of 60 months, systematically defrauded the employer of 220 men’s suits manufactured by it, valued at ■$25.64 each, for the loss of which Plaintiff-Appellee paid Haspel Bros, under its fidelity bonds.
Defendants Dennis C. Marquette and Lawrence J. Aiavolasiti filed general denials. Defendants Edward J. Ramon and Angelo A. Palmisano, Jr. allowed default judgments to be rendered against them.
Judgment was rendered in the District Court in favor of Plaintiff against all Defendants, jointly and in solido, for $1,530.-00, the value of only 60 suits with which they were involved, and against Ramon and Aiavolasiti, jointly and in solido, for the additional sum of $4,080.00 for the remaining 160 suits with which they alone were involved. The value of each suit was fixed by the District Court at its production cost of $25.50, instead of $25.64 alleged. Plaintiff-Appellee has not answered the appeal for an increase in its allowance.
Ramon and Palmisano did not appeal. Only Marquette and Aiavolasiti have taken this suspensive appeal.
Counsel for Defendants-Appellants (Marquette and Aiavolasiti) in open court strenuously denied any criminality on the part of their clients, but frankly admitted their civil liability for the value of the 220 stolen suits purchased from Ramon. They only question the quantum, contending their liability should not exceed the $12.00 per suit they paid to Ramon, and not the $25.50, cost of manufacture, allowed by the District Court.
Ramon confessed his thievery, and Aiavo-lasiti that he purchased 220 of the stolen suits; of which 60 were sold by him to Marquette and Palmisano, automobile salesmen.
Aiavolasiti for many years was manager of, and interested in, a profitable bakery and confectionery in New Orleans. His dealings with Ramon were not one or two isolated purchases, but many extending over 60 months; and under such circumstances that a reasonably prudent man should have become suspicious, made inquiry and quickly discovered Ramon’s thievery.
Our Civil Code and established jurisprudence make it clear that one who, even innocently, purchases stolen property obtains no title thereto, and must return it to the rightful owner or, if unable to do so, pay its value. LSA-C.C. arts. 2293, 2301, 2311, 2312, 2313 and 2452; State v. Younger, 206 La. 1037, 20 So.2d 305; Kramer v. Freeman, 198 La. 244, 3 So.2d 609; *528 Morgan’s Louisiana & T. R. & S. S. Co. v. Stewart, 119 La. 392, 44 So. 138; Edward Levy Metals, Inc. v. New Orleans Pub. Belt R., La., 148 So.2d 580; Port Finance Co. v. Ber, La.App., 45 So.2d 404; Broussard v. Friedman, La.App., 40 So.2d 669; Aarnes v. Kaplan & Son, 7 La.App. 453.
Whether or not the subrogee is entitled to recover the manufacturing or market value, is of no importance on this appeal, as the District Court allowed the minimum or manufactured cost, and Plaintiff-Appellee has not answered the appeal for an increase of the award.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Defendants-Appellants alone to pay costs of this appeal; and all Defendants to pay the costs in the District Court.
Affirmed.