399 So.2d 729 (1981)
FIRST STATE BANK & TRUST COMPANY
v.
FIREMAN'S FUND INSURANCE COMPANY, Robert J. Achee, Jr., and Joyce Achee.
No. 14205.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*730 John I. Feduccia and Arthur W. Macy, Hammond, for plaintiff-appellee First State Bank & Trust Co.
D. Bert Garraway, Baton Rouge, for defendants-appellees Robert J. Achee, Jr., and Joyce Achee.
Charles W. Franklin and Ray C. Dawson, Baton Rouge, for defendant-appellant Fireman's Fund Ins. Co.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge:
Mrs. Joyce Achee, wife of Robert J. Achee, Jr., was an employee of First State Bank & Trust Company. Over a period of about five years she embezzled $33,337.39 from the Bank, which was deposited by her in a joint account in the names of Mrs. Achee and her husband. This suit was filed by the Bank against Mrs. Achee, Mr. Achee and Fireman's Fund Insurance Company, which had written a Banker's Blanket Bond covering losses such as that suffered by the Bank in this case. Fireman's Fund third partied Mr. and Mrs. Achee.
Prior to trial, Fireman's Fund paid the loss suffered by plaintiff, except for the $1,000.00 deductible portion thereof, and the main demand was dismissed as to it. The case was tried on the demand for $1,000.00 by the Bank against Mr. and Mrs. Achee, and on the third party demand for $32,337.39 by Fireman's Fund against Mr. and Mrs. Achee.
At the trial, it was shown that Mrs. Achee had embezzled $33,337.39 from the plaintiff bank and that she had deposited it in the joint account which she had with her husband. Neither Mr. nor Mrs. Achee appeared at the trial, although they were represented by counsel.
After trial on the merits, judgment was rendered in favor of the Bank and Fireman's Fund on their respective demands against Mrs. Achee. However, both claims *731 were dismissed as to Mr. Achee. Fireman's Fund appeals from that part of the judgment dismissing its third party demand as to Mr. Achee. In so holding, the trial judge found that the marriage relationship alone does not render the husband liable for the torts of the wife; that the fact that the community may have benefitted from the torts of the wife does not necessarily render the husband personally liable unless the wife was on a community mission; and that, even if benefit to the community does render the husband personally liable, no such benefit was proved in this case.
Fireman's Fund argues that the fact that the stolen funds were deposited in the community joint account creates a presumption that they were community funds, and that the failure of Mr. and Mrs. Achee to rebut that presumption renders Mr. Achee personally liable for the claim.
It is true that the husband is not liable for the offenses of his wife because of the marriage relationship, unless he authorized his wife to perform the act in question, or unless she is attending to a community mission. Tandy v. Simoneaux, 344 So.2d 406 (La.App. 1st Cir. 1977); Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir. 1976). There is nothing in the record to indicate that Mr. Achee was aware of his wife's activities or that he authorized or participated in her thefts.
However, it is clear from the record that the proceeds of Mrs. Achee's embezzlements were deposited in a community account, and that the community was enriched as a result. We find that, under those circumstances, principles of quasi contract require that Mr. Achee be found liable for the repayment of the amounts embezzled by Mrs. Achee, as a member of the community existing between them.
Article 2301 of the Civil Code provides:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
Based on the above article, and on the other articles dealing with quasi contracts, our courts have long held that there is an action ex contractu to compel the return of stolen property, even from those who are innocent purchasers thereof. Articles 2292-2294, 2301-2313 of the Civil Code, Louisiana P. & L. Co. v. Southern Scrap Materials Co., 244 So.2d 638 (La.App. 4th Cir. 1971) and cases cited therein. We can see no reason why one who has unwittingly benefitted from stolen money should not be subject to the same rule.
We disagree with the finding of the trial judge that no benefit to the community was shown in this case. The fact that the funds were deposited in a community account is presumptive proof of such benefit, which was not rebutted.
The judgment appealed from is therefore reversed insofar as it dismisses the third party demand of Fireman's Fund against Mr. Achee, and there will be judgment herein in favor of Fireman's Fund Insurance Company and against Robert J. Achee, Jr., and Mrs. Joyce Achee, in solido, in the sum of $32,337.39, together with interest at the legal rate from date of judicial demand until paid, and for all costs. The judgment is affirmed in all other respects.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.