CRAIN, Judge.
This is an appeal from a judgment of the trial court dismissing plaintiff’s suit for recovery of a deck hoist or its stipulated value of $13,000.00.
On August 17, 1978, American Equipment Leasing Company (hereafter American) sold to defendant, Louis Ray, (hereafter Ray) the Barge Fleet 500. The barge had been leased by American to River Cities Construction Company, Inc., (hereafter River Cities) plaintiff-appellant herein. River Cities owned certain equipment which it had placed on the barge, including a three drum deck hoist that was mounted on the stern of the barge, a 670P & H crane and mats, and a few other pieces of equipment. When American sold the barge to Ray, the equipment owned by River Cities was not included in the sale. Actually, the trial judge found as a fact, and the record supports his conclusion, that at the time American sold the barge, River Cities was in financial difficulty and was hoping American could sell the equipment on the barge owned by River Cities along with the barge. However, American was unable to do so. Consequently, when the barge was sold to defendant Ray, the equipment owned by River Cities was on the barge, but was not part of the sale. In fact, the testimony is quite explicit that Ray did not want the hoist and communicated this fact to River Cities employees.
The testimony reflects that River Cities removed all its equipment from the barge except the hoist. For one reason or another the hoist was not removed. The primary reason, as found by the trial judge, was that personnel from River Cities went to remove the hoist on more than one occasion, *1062 but went without the proper equipment and so were unsuccessful. We agree with this finding.
In any event, Ray purchased a barge with a hoist on it that he did not want. He gave the owner of the hoist every opportunity to remove it, but it did not, although it did remove other more easily removed equipment. Eventually, Ray leased the barge to Boh Brothers with the hoist still intact. Boh Brothers would keep the barge on intervals of up to two weeks and bring it back to Ray. On one of these occasions it came back with the hoist missing. The record is totally void of proof as to what happened to the hoist. Consequently, the issue boils down to the question of the legal responsibilities of a possessor of property, received by him without his consent, retained by him only because of the owner’s failure to retrieve it, and never used by him.
Appellant relies on Civil Code Articles 2301 and 2312. C.C. Art. 2301 sets forth the general proposition that one,
“who receives what is not due to him . . . through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.” (emphasis added)
C.C. Art. 2312 sets forth the penalty provision, requiring return of the unduly received property itself, if it remains intact, its value if it is destroyed or injured by the receiver’s fault, or even by fortuitous event if received in bad faith. There can be serious question as to who fits the definition of one who has unduly received, and if it applies to one who receives, not through mistake or error on the part of the owner, but due to the owner’s intentional placing of his property with an unwilling receiver, and his own failure to retrieve it. However, even if such a receiver comes within the purview of C.C. Arts. 2301 and 2312, certainly the law was not intended to make him the absolute insurer of the property so received. Thus, if property is received under the circumstances present here, the most that C.C. Art. 2312 requires is return of the property if it remains. This property does not remain. Consequently, the alternative provision of the article relating to property destroyed or injured becomes applicable. Then the receiver of the property is required to return the value of the property if destroyed or injured by the receiver’s fault. There is absolutely no proof in this record that the hoist, which does not remain with the defendant, was injured or destroyed by his fault. Consequently, even if C.C. Art. 2301 and 2312 apply, appellee is relieved of any obligation to return the hoist or its value by the provision of C.C. Art. 2312.
Appellant agrees that the law relating to a deposit is inapplicable because there was no agreement by the possessor to receive the property. Neither is the action de in rem verso because the possessor was not enriched. C.C. Art. 1965, Daspit v. City of Alexandria, 342 So.2d 683 (La.App. 3rd Cir. 1977), writ refused, 344 So.2d 1056 (La. 1977). This distinguishes the instant case from those such as First State Bank & Trust Company v. Fireman’s Fund Insurance Company, 399 So.2d 729 (La.App. 1st Cir.1981), where funds are inadvertently received, but are expended to the benefit of the receiver. Consequently, this court is of the opinion that the trial judge was correct in finding there is no legal theory upon which appellant can recover against the defendant.
For the reasons assigned, the judgment of the trial court dismissing plaintiff’s suit is affirmed with costs to be paid by appellant.
AFFIRMED.