693 So.2d 296 (1997)
John W. McDONALD, Plaintiff Appellant,
v.
Zapata PROTEIN (USA), INC., DefendantAppellee.
No. 97-10.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
*297 William Bryan Bull, Thomas M. Daigle, Lafayette, for John McDonald.
Elton Ford Duncan, III, Lafayette, Scott Brian Kiefer, New Orleans, for Zapata Protein (USA), Inc.
Before DOUCET, C.J., and PETERS and SULLIVAN, JJ.
PETERS, Judge.
John W. McDonald brought this action against Zapata Protein (USA), Inc. (Zapata) in state district court under the "saving to suitors" clause, 28 U.S.C. § 1333, claiming damages from having been overcome by toxic fumes while in the galley of the F/V Frosty Morn, a vessel owned and operated by Zapata. In his suit, McDonald sought damages under the Jones Act and general maritime law as well as punitive damages under La. Civ.Code art. 2315.3.[1] Zapata filed peremptory exceptions of no cause of action, no right of action, and prescription as to the claim for punitive damages. The trial court granted the exceptions of no cause of action and prescription, and McDonald has appealed these rulings.

DISCUSSION OF THE RECORD
In his petition, McDonald claimed that he was a seaman-employee of Zapata on or about July 17, 1994, and was working as a member of the crew of the F/V Frosty Morn. He asserted that on that day, the vessel was operating in navigable waters in Vermilion Parish, Louisiana, and that while in the ship's galley, he was overcome by toxic ammonia gas fumes.
McDonald's April 19, 1996 suit asserted theories of negligence and unseaworthiness. Additionally, he claimed punitive damages under La.Civ.Code art. 2315.3, alleging that the ammonia gas was released into the vessel by the wanton and grossly negligent actions of Zapata. He also contended that he had been paid maintenance and cure benefits by Zapata, and Zapata admitted that benefits were paid through October 1995.
In granting the exception of no cause of action, the trial court found that the claim for punitive damages was preempted by federal substantive law governing the action, which was designated as an admiralty or maritime claim. Specifically, the trial court relied on Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and Guevara v. Maritime Overseas Corp., 59 F.3d 1496 (5th Cir.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996), to hold that damages recoverable in actions under the Jones Act and general maritime law do not include nonpecuniary damages. In granting the exception of prescription, the trial court rejected McDonald's contention *298 that the maintenance and cure payments interrupted prescription on all claims asserted by him that resulted from the July 17, 1994 accident.

OPINION

No Cause of Action
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993). However, in the instant case, we need not at this time address the issue of whether McDonald's petition states a cause of action for punitive damages since we find that the trial court erred in granting a partial judgment not authorized by law.
In Everything on Wheels Subaru, Inc., the supreme court formulated two general rules concerning the granting of partial judgments on exceptions of no cause of action. The rule applicable to the case at hand was explained as follows:
If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate.
Id. at 1239 (emphasis added) (footnote omitted).
In the instant case, the punitive damages theory of recovery arose out of a single occurrence, the release of ammonia gas. As such, the judgment maintaining the exception of no cause of action as to only the punitive damages issue was improper under the supreme court's ruling in Everything on Wheels Subaru, Inc. Thus, we vacate the judgment granting the exception of no cause of action.

Prescription
We must also address whether the granting of Zapata's exception of prescription is a final, appealable partial judgment. La.Code Civ.P. art.1915[2] lists the exclusive instances in which partial final judgments are allowed, Everything on Wheels Subaru, Inc., 616 So.2d 1234, and provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
Any partial judgment that does not dismiss a party and is not expressly authorized by La.Code Civ.P. art.1915 is an interlocutory judgment. Everything on Wheels Subaru, Inc., 616 So.2d 1234. The supreme court explained:

*299 Our decision in the present case to treat as interlocutory any partial judgment that does not dismiss a party and is not expressly authorized by Article 1915 provides the desired certainty and protection for litigants who do not wish an immediate review of the partial judgment. But there are some cases in which the litigants and the courts may desire immediate review of a partial judgment, as when the legal issue that is the subject of the partial judgment is the sole point hindering compromise of the litigation. In such a case one or more of the parties may apply for supervisory writs under La.Code Civ.Proc. art. 2201, indicating that immediate review is justified because resolution of the issue will likely terminate the litigation.... Otherwise, the judgment is deemed interlocutory, and the issue adjudicated by the interlocutory judgment can be reviewed on appeal following a trial on the merits of the remainder of the case.
Id. at 1241-42 (citations omitted).
Since La.Code Civ.P. art.1915 does not authorize a partial final judgment on the exception of prescription unless a party is dismissed, the judgment in the instant case granting the exception of prescription is an interlocutory judgment that is not appealable in the absence of irreparable injury. Irreparable injury has not been demonstrated to this court on the issue of prescription.
When a partial final judgment is not authorized by the Louisiana Code of Civil Procedure, courts generally vacate and set aside the judgment and remand for further proceedings. Burton v. Praxis Envtl. Serv., 95-1297 (La.App. 3 Cir. 1/31/96); 670 So.2d 310. In the instant case, we vacate the judgment on the exceptions and remand for further proceedings consistent with this opinion to avoid piecemeal appeals. It is not necessary on remand for the trial court to relitigate the issue of whether punitive damages are recoverable, as the trial court has already determined that such damages are not recoverable. McDonald can include evidence in that regard by means of a proffer, and in any subsequent appeal, all issues can be presented at one time. See Rodriguez v. American Bankers Ins. Co. of Florida, 386 So.2d 652 (La.1980) (as cited in a footnote in Everything on Wheels Subaru, Inc., 616 So.2d 1234).

DISPOSITION
For the foregoing reasons, we dismiss the appeal, vacate the judgment of the trial court, and remand for further proceedings to resolve the remaining issues in the suit. The costs of this appeal are assessed against Zapata Protein (USA), Inc.
APPEAL DISMISSED, JUDGMENT VACATED, AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] La.Civ.Code art. 2315.3 was repealed by Acts 1996, First Extraordinary Session, No. 2, § 1, effective April 16, 1996.
[2] La.Code Civ.P. art. 1915(A)(3) refers to Article 966(D). However, Article 966(D) was redesignated as 966(F) by Acts 1996, First Extraordinary Session, No. 9, § 1, effective May 1, 1996.