|2DALEY, Judge.
The trial court granted summary judgment in favor of plaintiff, George Hirsti-us, finding that defendant Colonia Insurance Company’s garage liability policy provided uninsured motorist coverage on his vehicle. Appellant, Colonia Insurance Company, lodged this appeal. We find that under LSA-C.C.P. art. 966 (as amended by Acts 9, First Extraordinary Session of 1996), this judgment is not appealable.[1] ^However, in the interest of judicial economy and fairness to the litigants, we review this matter under our supervisory jurisdiction.
We find that the Colonia policy provided coverage under the facts of this case, and we deny the writ application.
Plaintiffs are Udo Seitz, President of Fritz and Hans, an automobile repair shop; his wife, Ann Seitz; and George Hirstius, owner of the Mercedes vehicle. Hirstius, a friend of Seitz, brought his vehicle to Fritz and Hans for service and repair. Hirstius had just purchased the vehicle prior to bringing it to his friend’s garage for maintenance and repair work. Defendant, Colonia Insurance, provided a garage liability insurance policy to Fritz and Hans.
*168 On December 13, 1994, Hrrstius arrived at the garage to pick up the car. Repairs were not complete, however, so he and Seitz went to lunch. After lunch they returned to Fritz and Hans to pick up the car, leaving at approximately 5:00 p.m. with Seitz driving his friend’s ear. According to the record, they left Fritz and Hans to pick up Hirstius’s new license plate and title, and to test drive the car after the completed repairs. Payment had not yet been |4made, nor had the vehicle been released. On the way to Economy Imports, the Mercedes was rear-ended on an onramp to 1-10 by an uninsured motorist, Rebecca Dunfee.
Under the facts described above, we cannot say that the trial court erred in finding that the automobile was still engaged in garage business at the time of the accident and, therefore, the garage liability policy provided coverage.
Writ application is denied.
APPEAL DISMISSED; CASE REMANDED.

. The judgment appealed is a partial summary judgment deciding the issue of insurance coverage. At the time this judgment was rendered, May 8, 1997, the 1996 amendment to LSA-C.C.P. art. 966 was in effect (Acts of the First Extraordinary Session of 1996, No. 9). This judgment was issued before the effective date of the amendment of LSA-C.C.P. art. 1915 by Acts 1997, No. 483, relative to the appeal of partial summary judgments, which applies prospectively from the effective date of the Act, July 1, 1997. Kanz v. Wilson, 96-0882 (La.App. 1 Cir. 11/17/97), 703 So.2d 1331. Thus, the judgment in this case is governed by the 1996 amendment, which was approved May 1, 1996, and not the 1997 amendments. At the time of the rendering of this judgment, LSA-C.C.P. arts. 966 and 1915 read as follows:
Art. 966. Motion for summary judgment; procedure
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
* * ⅝ ⅜ ⅜ ⅜!
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
Art.1915. Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(F).
Clearly, when read together, these versions of Arts. 966 and 1915 do not allow the appeal of a summary judgment rendered on the issue of insurance coverage. We note that some confusion exists regarding the renumbering of the paragraphs in Art. 966 by the 1996 amendment. Act 9 redesignated ¶ D as ¶ F. See McDonald v. Zapata Protein (USA) Inc., 97-10 (La.App. 3 Cir. 4/30/97); 693 So.2d 296.