J^DOUCET, Chief Judge.
The Defendant, Van M. Bennett, a/k/a V.M. Bennett, and a/k/a V.M. Bennett Computer Systems (Bennett) appeals the trial court’s judgment finding “the community property of Van M. Bennett formerly of the community of acquets and gains between Van and Debra Bennett to be responsible for the indebtedness of Debra Bennett” to Gardes Directional Drilling, Inc., Gardes Aviation, Inc., Gardes Energy Services, L.L.C. (Gardes) pursuant to a motion for summary judgment, rendering judgment against him and dismissing his claims against Bank One, Louisiana, N.A. (Bank One) pursuant to an exception of no cause of action.
Debra Bennett was employed by Gardes Directional Drilling as its in-house bookkeeper from 1990 through 1997. From 1991 through 1997, Mrs. Bennett, without the authority of her employers, wrote checks totaling $210,744.00 from several Gardes accounts. The checks were made payable to herself and to the order of V.M. Bennett and V.M. Bennett Computer Services. She forged the signature of Eileen or Robert Gardes' on each check and deposited them in an account at Lafayette Savings Bank jointly held by herself and her husband, Van Bennett. The thefts were discovered in late 1997. At that time, Debra Bennett admitted taking $12,000.00. The theft of another $2,300.00 *1203 was discovered in January 1998. Mrs. Bennett paid back $14,800.00. However, additional unauthorized checks were discovered and it was further discovered that Mrs. Bennett had transferred funds out of Gardes Directional Drilling’s 401K account into the company’s operating accounts to cover the checks she had written. The transfer caused Gardes to incur penalties and interest for early withdrawal.
In January 1998, Gardes filed suit against the Bennetts to recover sums not repaid. A writ of attachment was issued, and the proceeds of the sale of the Ben-netts’ 12house were deposited into the registry of the court. Mrs. Bennett admitted to all the thefts. In the connected criminal prosecution, Mrs. Bennett pled guilty to thirty counts of forgery. In this civil litigation, Mrs. Bennett entered a consent judgment with the Plaintiffs wherein she admitted liability for the stolen funds.
Van Bennett answered the suit and filed a cross-claim against Debra Bennett and Bank One. Bank One filed exceptions of prescription, no cause of action, no right of action and improper party. The trial court sustained the exception of no cause of action and dismissed Bennett’s claims against Bank One.
Subsequently, Gardes filed a motion for summary judgment asserting that no issue of material fact remained but that Debra Bennett’s theft created a community debt for which Bennett could be held liable and that the theft rendered Bennett personally liable for the return of the funds taken by Debra Bennett. Bennett did not file a memorandum in opposition to the motion. The trial court granted the motion for summary judgment and rendered judgment in favor of Gardes and against Bennett. Bennett appeals both rulings.
SUMMARY JUDGMENT
On appeal, Bennett asserts that summary judgment was not appropriate because a question of fact remains as to whether he, the family, or the community of acquets and gains benefitted from Debra Bennett’s theft.
An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991); Haley v. Calcasieu Parish School Bd., 99-883 (La.App. 3 Cir. 12/8/99); 753 So.2d 882, writ denied, 2000-54 (La.2/24/00); 755 So.2d 242. Article 966(B) of the Louisiana Code of Civil Procedure provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no ^genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
The burden of showing that there are no genuine issues of material fact is borne by the mover. La.Code Civ.P. art. 966(C)(2). To satisfy this burden, the mover must present supportive evidence that the motion should be granted. Once the mover establishes a prima facie showing, the burden of production shifts to the nonmoving party to present evidence of the existence of issues of material fact which preclude summary judgment. An adverse party may not rest on the pleadings but must set forth, by affidavit or otherwise, specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967.
Mercury Cellular Telephone Co. v. Calcasieu Parish of La., 00-0318, pp. 3-4 (La.App. 3 Cir. 12/13/00); 773 So.2d 914, 917, writ denied, 01-126 (La.3/16/01), 787 So.2d 314.
In this case, Gardes moved for summary judgment asserting that no genuine issue *1204 of material fact remained but that Van Bennett and the Bennetts’ community of acquets and gains were bound for the debt incurred by Debra Bennett’s theft. In support of its motion for summary judgment, Gardes submitted excerpts of the depositions of Van and Debra Bennett.
Van Bennett testified about his many purchases of luxury goods during the time his wife was embezzling funds from her employers including the lease of a fully loaded pickup truck which he described as “an extravagant truck .... an exquisite truck ....”; their move from a trailer to an 1,800 square foot home with a concomitant quadrupling of their mortgage payment as well as renovations to the house; the creation of thirteen or fourteen rose beds planted with “extraordinary roses”; the purchase of three pure bred dogs, the purchase of 135, 75 and 58 gallon saltwater aquariums and fish with an admitted expenditure of $5,000.00 on fish in 1997 alone. Van Bennett agreed that the extra expenditures were made mainly by |4him and that his wife could not have talked to him about his spending because it “was impossible for her to sit down with me at that point in time because I would go ballistic on her. I mean, I wouldn’t physically harm her in any way, but I would verbally abuse her to the point that she was reduced to tears.” Van Bennett admitted that he thought she stole to try to maintain his spending. Debra Bennett testified that 97% of the unauthorized checks she drew on the Gardes accounts were deposited into the Bennetts’ joint account, although there may have been an occasion when she cashed a check outright. She testified that the family as a whole benefitted from her embezzling.
“An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.” La. Civ.Code art. 2360. The evidence introduced by Gardes establishes that the theft benefitted both the community and Van Bennett. The record contains no opposition to the motion. Therefore, the trial court correctly found the community to be responsible for the indebtedness of Debra Bennett to Gardes.
Van Bennett further argues that the court erred in holding him individually responsible for the indebtedness of Debra Bennett to Gardes. In First State Bank & Trust Co. v. Fireman’s Fund Ins. Co., 399 So.2d 729 (La.App. 1 Cir.1981), the court found a husband individually liable for repayment of sums embezzled by his wife pursuant to the provisions of La.Civ.Code art. 2301 (the substance of which is now found in La.Civ.Code art. 2299) which provides that: “He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to | ..¡restore it to him from whom he has unduly received it.” The court in First State Bank stated that:
It is true that the husband is not liable for the offenses of his wife because of the marriage relationship, unless he authorized his wife to perform the act in question, or unless she is attending to a community mission. Tandy v. Simo-neaux, 344 So.2d 406 (La.App. 1st Cir.1977); Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir.1976). There is nothing in the record to indicate that Mr. Achee was aware of his wife’s activities or that he authorized or participated in her thefts.
However, it is clear from the record that the proceeds of Mrs. Achee’s em-bezzlements were deposited in a community account, and that the community was enriched as a result. We find that, under those circumstances, principles of quasi contract require that Mr. Achee be *1205 found liable for the repayment of the amounts embezzled by Mrs. Achee, as a member of the community existing between them.
Article 2301 of the Civil Code provides: “He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
Based on the above article, and on the other articles dealing with quasi contracts, our courts have long held that there is an action ex contractu to compel the return of stolen property, even from those who are innocent purchasers thereof. Articles 2292-2294, 2301-2313 of the Civil Code, Louisiana P. & L. Co. v. Southern Scrap Materials Co., 244 So.2d 638 (La.App. 4th Cir.1971) and cases cited therein. We can see no reason why one who has unwittingly bene-fitted from stolen money should not be subject to the same rule.
We disagree with the finding of the trial judge that no benefit to the community was shown in this case. The fact that the funds were deposited in a community account is presumptive proof of such benefit, which was not rebutted.
Id. at 731.
Therefore, regardless of his knowledge or complicity in the wrongful acts of Debra Bennett, Van Bennett may be held to return the stolen sums.
| (Accordingly, we find that the trial judge properly granted Gardes’ motion for summary judgment.
NO CAUSE OF ACTION
Van Bennett next argues that the trial court erred in granting Bank One’s exception of no cause of action. On appeal, Van Bennett states that his claim against Bank One is not based on any duty owed him by Bank One and further states that his claim is not one for indemnity. Although he does not spell this out in brief, he is apparently making a claim for contribution.
The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. McDonald v. Zapata Protein (USA), Inc., 97-10 (La.App. 3 Cir. 4/30/97); 693 So.2d 296. The mover has the burden of proof, the allegations in the petition are presumed to be true, and all reasonable inferences are made in favor of the non-moving party. City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist., 93-690 (La.7/15/94); 640 So.2d 237, writ denied 96-2820 (La.1/6/97); 685 So.2d 116. An appellate court reviews judgments granting an exception of no cause of action de novo, using the same standard as the trial court.
Aucoin v. Fell, 00-1254, p. 1 (La.App. 3 Cir. 2/07/01); 779 So.2d 1087, 1089.
Van Bennett’s cross-claim is as follows:
XX.
Made cross-claims defendant cross-claim asserted herein on behalf of the Defendants, V.M. Bennett a/k/a V.M. Bennett COMPUTER SERVICES, and a/k/a VAN M. Bennett is:
(a.) DEBRA Bennett, an individual of the full age of majority believed to be a domiciliary of Lafayette Parish, State of Louisiana and
(b) BANK ONE, which is believed to be a national banking organization having an office in Lafayette, Louisiana with supervision over the matters which arise herein and is formerly known as the excessor to, Premier Bank.
*1206 |7XXI.
Defendants deny all liability based on any kind whatsoever to plaintiffs on the allegations and counts set forth in the petition. However, in the event that Defendants are found liable for all or any part of the liability asserted against them by the plaintiffs in the petition, as amended, and in the event that all or any of Defendants liability is predicated on the actions o[r] conduct of cross-claim defendant, Debra Bennett and/or Bank One, then and in that event only, Defendants are entitled to indemnity from and judgment over against Debra Bennett and/or Bank One for any and all liability so predicated.
 Given the fact that none of the claims against Van Bennett are predicated on the actions or conduct of Bank One, and the judgment rendered pursuant to Gardes’ motion for summary judgment is not predicated on the actions or conduct of Bank One, Van Bennett’s claims against Bank One may well be moot. Notwithstanding this possibility, we find that Van Bennett’s cross-claim does not state a cause of action against Bank One.
Contribution is allowed only among tort-feasors who are solidarily liable. Narcise v. Illinois Cent. Gulf R.R. Co., 427 So.2d 1192 (La.1983); see also American Grain Ass’n. v. Canfield, Burch & Mancuso, 471 So.2d 1125 (La.App. 3 Cir.1985). Noncontractual solidary liability was abolished in 1996, except as to those tortfeasors who conspire to cause intentional or willful harm. La.Civ.Code art. 2324.
Thompson v. Harrington, 99-571, p. 11 (La.App. 3 Cir. 10/13/99); 746 So.2d 652, 658. No allegation of fraudulent conduct or intentional errors on the part of Bank One have been made. Therefore, the trial court correctly granted the exception of no cause of action.
CONCLUSION
The judgments of the trial court are affirmed. Costs of this appeal are assessed against the Appellant.
AFFIRMED.