1WOODARD, Judge.
Ms. Soileau appeals a summary judgment in favor of STM. The trial court found that La.Civ.Code arts. 2298 and 2299 were inapplicable to her claims and, therefore, she could not be entitled to any recovery, as a matter of law. We affirm.
[[Image here]]
Ms. Melinda Colville, a CPA, performed accounting services for both the Plaintiff, Ms. Clara Virginia F. Soileau, and the Defendant, St. Thomas More Catholic High School and Bishop Jules B. Jean-mard Center for Religious Formation, Inc., (STM). Ms. Colville stole money from both Ms. Soileau and STM; both were innocent victims in a complex, fraudulent scheme that Ms. Colville carried out by transferring their funds, along with funds of other clients, among various accounts. Specifically, her scheme included stealing money from STM by obtaining checks made out to STM, which she was supposed to invest for it. Instead, she secretly opened an account in its name, deposited the checks into that account, and then withdrew money from the account for herself. She was stealing money from Ms. Soileau by forging checks on her accounts and generating fake stock certificates after selling Ms. Soileau’s stock. A review of the record reveals that both parties trusted Ms. Colville and, accordingly, were not very diligent in overseeing her actions, allowing her scheme to continue for a period of years.
In 1996, because of a phone call from one of its banks, STM became suspicious of Ms. Colville’s activities and began to demand more specific accountings of its funds. Ms. Colville responded to this increasing pressure by gradually replacing STM’s missing funds until she was able to reconcile the actual balances with the reported balances. She accomplished this, in part, by forging checks on Ms. Soileau’s account for deposit into one of STM’s accounts. Then, she forged checks for additional money to the account she had secretly opened in STM’s name and others to an account in her own name, before transferring this money, as well, into one of STM’s accounts.
Ms. Soileau sought a return of these funds from STM. She alleges that La. Civ. Code art. 2299 or, in the alternative, La. Civ.Code art. 2298 entitles her to a return of the funds that Ms. Colville directly transferred from Ms. Soileau’s account Lto STM and that La.Civ.Code art. 2298 entitles her to the return of the funds that were indirectly transferred. STM argues that neither of these articles are applicable to STM and any claim Ms. Soileau could have lies in conversion; therefore, it has prescribed.
The trial court found both articles to be inapplicable and granted STM’s summary judgment motion. Ms. Soileau appeals this judgment.
We must decide whether, either, La.Civ. Code art. 2299 or art. 2298 is applicable to Ms. Soileau’s claim.
[[Image here]]
Standard of Review
Since the trial court decided the inapplicability of Articles 2299 and 2298 in a *110 summary judgment, our review is de novo. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue regarding a material fact, and that the mover is entitled to judgment, as a matter of law.[1] In the instant case, there are no material facts in dispute; rather, the dispute involves only the question of whether La.Civ.Code arts. 2298 or 2299 are applicable to the undisputed facts.
Nature of Claim
STM argues that, even though Ms. Soileau has styled her claim as quasi-contractual, it is, substantively, a tort claim based on conversion. “Any wrongful exercise or assumption of authority over another’s goods, depriving him of the possession (permanently or for an indefinite time) is a conversion.”[2] We agree that the most obvious action available to Ms. Soileau is for conversion. However, jurisprudence encourages parties to assert all possible theories of liability or causes of action as long as they are based on the facts and warranted by existing law or a 13good faith argument for an extension of existing law.[3] Therefore, we will entertain her allegations and proceed with an analysis of the applicability of these articles.
La.Civ.Code art. 2299
This article provides:
A person who has received a payment of a thing not owed to him is bound to restore it to the person from whom he received it.
(Emphasis added.)
Ms. Soileau asserts that the act of depositing the checks into STM’s account constitutes a “payment,” which she did not “owe” to STM; accordingly, STM is bound to restore it to her.
Contrarily, the trial court found that:
[T]his provision of the code is limited to the situation in which one person gives something of value to another because of a perceived obligation to that other, when in fact no obligation exists. It does not apply when a third party, who is not acting as the agent of either the giver or the receiver is the conduit.
In this case, an essential element of Art. 2299 is missing — the direct relationship of two parties interacting, one as the giver of a payment or thing and the other as the recipient of the payment or thing. This article contemplates a voluntary giving of a payment to another by one who believes he owes that other, when in fact he does not. The plaintiff did not pay anything to the defendant in this case, and there is no issue of a perceived, but mistaken, obligation to pay.
Additionally, since Ms. Colville had access to the accounts of her victims and accomplished the series of thefts through the use of bank accounts, checks and negotiable instruments, it is impossible to say that the “same funds” stolen from the plaintiff were later deposited in the account of the defendant. It is the nature of banking that all funds are deposited to and withdrawn from the accumulated funds of the bank and its customers. Funds lose their individual identity as they proceed through the banking process. As the defendant points out, the dollar that is deposited *111 today is not necessarily the same dollar that is withdrawn tomorrow.
[4We agree with the trial court’s analysis. There was not a direct transfer of any funds from Ms. Soileau to STM. Although an amount of STM’s funds can be directly “traced” to Ms. Soileau’s accounts, Ms. Colville and the bank stand in the middle. Ms. Soileau has not provided any applicable authority to the contrary. The cases she has cited for support that Article 2299 does not require a direct relationship are not persuasive, as those cases involved married couples and their community property.[4] Accordingly, we agree that Article 2299 is inapplicable, as it does not contemplate this type of situation.
La.Civ.Code art. 2298
La.Civ.Code art. 2298 provides in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person.
The trial court found this article to be inapplicable because STM was not “enriched” but, rather, was in the same position it had been in before the thefts occurred. Ms. Soileau argues that transfer of some of her funds prevented STM from incurring the economic loss that, otherwise, would have resulted; therefore, STM has been enriched. However, we need not decide the correctness of her argument as she has failed to show that she does not have another practical available remedy elsewhere. Such a showing is required to recover under Article 2298, as it is only a subsidiary remedy.[5] Ms. Soileau has received a settlement from the banks and has also obtained a judgment of restitution against Ms. Colville. However, she argues that we should discount this judgment based on the improbability that she will ever collect it. Her ability to execute the judgment is not a factor in determining the practicality of the remedy. The judgment, itself, is evidence that the law provided her with another practical available remedy. Accordingly, we find that Article 2298 is also inapplicable to Ms. Soileau’s claims and affirm the trial court’s judgment.
| ..CONCLUSION
We find that La.Civ.Code arts. 2299 and 2298 do not encompass the type of claims that Ms. Soileau asserts in the instant action. Consequently, we affirm the trial court’s grant of summary judgment to STM and assign the costs of this appeal to her.
AFFIRMED.

. La.Code Civ.P. art. 966(B).

. Broussard, Bolton, Halcomb & Vizzier v. Williams, 01-219, p. 7 (La.App. 3 Cir. 10/3/01); 796 So.2d 791, 795 (quoting Simon v. Fasiq-Tipton Co., 92-173, p. 25 (La.App. 3 Cir. 3/22/95); 652 So.2d 1351, 1369).

. Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La.1992).

. See Gardes Directional Drilling v. Bennett, 01-80 (La.App. 3 Cir. 6/6/01); 787 So.2d 1201, writ denied, 01-1991 (La.10/26/01); 799 So.2d 1154; First State Bank & Trust Co., v. Fireman’s Fund Ins. Co., 399 So.2d 729 (La.App. 1 Cir.1981).

. See Carriere v. Bank of Louisiana, 95-3058 (La.12/13/96); 702 So.2d 648.