NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-876

PAMELA LEVINE, ET AL.
VERSUS
CHRISTIAN VILLA NURSING HOME, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 86,494
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE AN
APPLICATION FOR SUPERVISORY WRITS.

Jeremy D. Goux
Wynne, Goux & Lobello
417 North Theard Street
Covington, LA 70433
(985) 898-0504
COUNSEL FOR DEFENDANT/APPELLANT:
    Seventh District Missionary Baptist Association d/b/a
    Christian Villa Nursing Home

Scott D. Webre
Attorney at Law
556 Jefferson Street
Jefferson Towers, Suite 500
Lafayette, LA 70501
(337) 593-4178
COUNSEL FOR PLAINTIFF/APPELLEE:
    Pamela Levine

DECUIR, Judge.

On July 30, 2009, this court issued a rule *sua sponte* ordering the appellant to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a non-appealable, interlocutory order denying an exception of prescription. For the reasons assigned below, we dismiss the appeal.

The plaintiff-appellee, Pamela Levine, filed a wrongful death and survival action for the death of her father, Wilmer Levine, following an incident that occurred while he was in the care of Christian Villa Nursing Home. The defendant-appellant, Seventh District Missionary Baptist Association d/b/a Christian Villa Nursing Home, filed an exception of prescription that was denied by the trial court in open court on May 18, 2009. The trial court signed the written judgment on June 17, 2009. The appellant filed its motion for appeal on May 26, 2009. On May 27, 2009, the trial court granted the appeal. The record in this appeal was lodged on July 23, 2009. As stated above, on July 30, 2009, this court issued a rule for the appellant to show cause why the appeal should not be dismissed.

We find that the ruling at issue, denying an exception of prescription, is an interlocutory ruling that is not appealable. The proper procedural device for seeking appellate review is an application for supervisory writs. *McDonald v. Zapata Protein (USA), Inc.*, 97-10 (La.App. 3 Cir. 4/30/97), 693 So.2d 296. La.Code Civ.P. art. 1841. Therefore, we hereby dismiss the appeal at appellant's cost.

However, we find that since the appellant filed a motion for an appeal within the time delays for seeking supervisory writs, justice demands that we

1

afford the appellant time within which to file a supervisory writ application with this court. Accordingly, the appellant is hereby permitted to file a proper application for supervisory writ in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than October 1, 2009. The appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. APPELLANT PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.