966 So.2d 136 (2007)
LAFAYETTE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Malissa and Benny PENNINGTON, Defendants-Appellants.
No. 42,434-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*137 Charles D. Jones, New Orleans, for Appellants.
Davenport, Files & Kelly by David Hammett, Monroe, for Appellee.
Shotwell, Brown & Sperry by Marshall T. Napper, Monroe, for Intervenor-Appellee, Sig Masur & Sons, Inc.
Before BROWN, STEWART and LOLLEY, JJ.
LOLLEY, J.
This appeal arises from the Fourth Judicial District, Parish of Ouachita, State of Louisiana, where a judgment was rendered in favor of the plaintiff, Lafayette Insurance Company, and intervenor, Masur-Dean Properties and against the defendants, Malissa and Benny Pennington, for theft of company funds. The Penningtons now appeal.

FACTS
Masur-Dean Properties ("Masur-Dean") operates 85 rental apartment units in Monroe, Louisiana. Gerald Dean, president of Masur-Dean, hired Malissa Pennington as property manager in April 1999. Her duties included: preparing leases; accepting rental payments and security deposits; recording receipt of funds collected and bank deposits in QuickBooks, bookkeeping computer program; and, depositing said funds in the bank. She was also responsible for preparing records of receipts for Masur-Dean's Certified Public Accountant ("CPA").
In March 2002, while preparing tax information for the business, Masur-Dean's CPA alerted Dean to a decrease in revenue, despite expenses remaining steady. As a result, an independent CPA performed an audit of the financial records and agreed that funds in the amount of $54,350.00 had been misappropriated. After independently verifying the funds were actually stolen from Masur-Dean, the insurer, Lafayette Insurance Company ("Lafayette") agreed to pay its $50,000.00 limit to Masur-Dean pursuant to the employee dishonesty portion of the policy.
Lafayette brought suit against Malissa and her husband, Benny Pennington, and Masur-Dean joined as intervenors. After a bench trial on the merits, the trial court held that the Penningtons were liable, in solido, for: $50,000.00 to Lafayette; $4,350.00 to Masur-Dean; expert fees in the amount of $8,258.75; and attorneys' fees. The trial court also included judicial interest from the date of judgment until paid and for all costs of litigation. The Penningtons now appeal.

LAW AND DISCUSSION
The Penningtons' sole argument on appeal is that there was insufficient evidence adduced at trial to determine with certainty who was responsible for Masur-Dean's missing funds. The Penningtons argue that the evidence showed that several people had knowledge of and access to the funds which were deposited at the property manager's office. Furthermore, they argue that Benny, Malissa's husband, did not have any access to Masur-Dean funds nor did he benefit from any alleged misappropriation. Lafayette contends that the evidence was clear that Malissa Pennington stole the funds and both Malissa and Benny were liable in solido since it benefitted the community regime. We agree.
Louisiana Civil Code art. 1953 states that "fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." *138 Fraud is proved by a preponderance of evidence and may be established by circumstantial evidence. La. C.C. art. 1957. The trial court's findings with respect to a claim of fraud are subject to the manifest error rule. Ballard's Inc. v. North American Land Development Corp., 28,437 (La.App.2d Cir.06/26/96), 677 So.2d 648.
Here, the direct evidence included receipts signed by Malissa, in addition to the tenants who testified that they personally paid Malissa cash and received those receipts. However, an independent CPA confirmed that data from QuickBooks and bank records did not show any cash received, recorded or deposited correlating with those receipts in Masur-Dean's account by Malissa  or anyone else for that matter. Rental properties that were shown to be vacant were in fact being lived in by tenants who paid cash. The disappearance of the receipt book with rental payment information soon after Malissa left Masur-Dean also raised suspicion. Furthermore, Malissa herself acknowledged that she was solely responsible for taking rental payments and that she was aware of the no cash policy Masur-Dean had.
Malissa's accusation that other employees might have been to blame for the missing funds simply does not add up. As the trial court pointed out, if other employees had taken the funds and the funds had not been attributed to the correct tenant account, Malissa would have gone after those tenants for nonpayment of rent. There was no evidence that Malissa had nonpayment issues from the tenants who testified that they paid cash, which also suggests that she received the cash. The overwhelming evidence indicates that the trial court did not commit manifest error in finding Malissa Pennington was responsible for the missing funds.
As for Malissa's husband, Benny, we agree with the trial court that he is responsible for the debt incurred by his wife, in solido. An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation. La. Civ.Code art. 2360. During marriage, either husband or wife, acting alone, may incur community obligation. Sciortino v. Bank of Louisiana, XXXX-XXXX (La.App. 4 Cir. 01/28/98), 705 So.2d 813, writ denied, XXXX-XXXX (La.05/15/98), 719 So.2d 463.
In Gardes Directional Drilling v. Bennett, XXXX-XXXX (La.App. 3d Cir.06/06/01), 787 So.2d 1201, writ denied, XXXX-XXXX (La.10/26/01), 799 So.2d 1154, a wife stole money from her employer and, as in the instant case, the funds were deposited in a joint account. The Gardes court concluded, and we agree, that "regardless of his knowledge or complicity in the wrongful acts . . . [the husband] may be held to return the stolen sums." Id. at 1205. Although Benny may not have known of his Malissa's illegal activity, he is responsible for the monetary damages incurred by his wife's fraudulent behavior.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by Malissa and Benny Pennington.
AFFIRMED.