STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-1069


DAIGLE OIL DISTRIBUTORS, LLC

VERSUS

ELIZABETH IRENE ISTRE, ET AL.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-1549
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Evelyn M. Oubre**
**522 Clarence Street**
**Lake Charles, LA 70601**
**(337) 436-0337**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Burton Wade Istre**

**Joseph Payne Williams**
**R. Bray Williams**
**Williams Family Law Firm, LLC**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**L.M. Daigle Oil Distributors, LLC**

**Todd Samuels Clemons**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Elizabeth Irene Istre**

**Paul Joel Cox**
**Somer G. Brown**
**Cox, Cox, Filo, Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**L.M. Daigle Oil Distributors, LLC**

**EZELL, Judge.**

This case involves the embezzlement of $4,363,376.79 in funds from L.M. Daigle Oil Distributors, LLC (Daigle Oil) by Elizabeth Istre. On appeal, her husband, Burton Istre, claims that the trial court erred in failing to grant an exception of prescription for Daigle Oil's claims for fraudulent checks written by Elizabeth prior to April 17, 2013. He also claims that the trial court erred in its finding that he is liable in solido with his wife for the damages caused by his wife's embezzlement.

## FACTS

Daigle Oil was owned by three brothers: Luther Mark Daigle, Jr., Brian Daigle, and Kevin Daigle. In 2004, Mark sold his interest to the other two brothers. Brian was the operations manager, and Kevin was in charge of outside sales and delivery. Elizabeth began working for Daigle Oil in January 2003 as a bookkeeper.

According to Brian Jones, a certified public accountant and fraud examiner hired to examine Daigle Oil's books, Elizabeth began embezzling funds almost immediately upon her employment. The embezzlement was discovered by Brian Daigle's daughter, Katy, who was training with Elizabeth in December 2013 to replace her as the bookkeeper. In February 2014, Katy discovered a check for $2,500.00 coded as a draw on her father's draw account. However, this entry in QuickBooks did not match the entry found on online banking. It was discovered that Elizabeth was coding checks in QuickBooks as payable to certain accounts and then actually printing the checks payable to either her or her husband. She was able to sign the checks with a rubber-stamped signature of Brian Daigle that was provided to her when she first started working at Daigle Oil. The checks were then deposited into her personal accounts, including a joint account with her husband at MidSouth Bank.

On April 17, 2014, Daigle Oil filed suit against Elizabeth and Burton for return of the misappropriated funds. After the Defendants filed answers, Daigle Oil filed a motion for summary judgment. A hearing on the motion was held on June 1, 2017. Judgment was signed on July 6, 2017, finding that Elizabeth was liable to Daigle Oil in the amount of $4,363,376.79. Burton was found liable in solido with Elizabeth for this amount. Only Burton appealed the judgment.

## PRESCRIPTION

Burton first claims that the trial court erred in denying an exception of prescription. He claims that Daigle Oil should be denied the right to pursue damages for the fraudulent checks written by Elizabeth prior to April 17, 2013, because the thefts should have been discovered long before suit was filed on April 17, 2014.

Elizabeth filed an exception of prescription. By judgment dated May 24, 2016, the trial court found that her conduct constituted a continuing tort and denied her exception of prescription. Burton never filed an exception of prescription.

The objection of prescription is raised by peremptory exception and must be specially pleaded. La.Code. Civ.P. art. 927. A "peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision." La.Code. Civ.P. art. 928(B).

In *Kleinman v. Bennett*, 11-947 (La.App. 3 Cir. 12/7/11), 80 So.3d 689, this court held that the issue of prescription could not be considered because it had not been specifically pleaded and had only been presented by oral motion at the summary judgment hearing.

"Prescription is a defense that must be raised and is effective in favor only of the party claiming it. It cannot be urged by one party defendant in favor of another, and the failure of one party defendant to claim it does not deprive another party

defendant of the claim." *Sadler v. Midboe*, 97-2120, p. 8 (La.App. 1 Cir. 12/28/98), 723 So.2d 1076, 1081; *Theriot v. State, Dept. of Transp. & Dev.*, 01-1420 (La.App. 1 Cir. 9/25/01), 809 So.2d 279.

As noted by the supreme court in *Flowers v. U.S. Fidelity & Guaranty Co.*, 381 So.2d 378, 383 (La.1980)(on rehearing), and followed by this court in *Bridges v. Bridges*, 96-1191 (La.App. 3 Cir. 3/12/97), 692 So.2d 1186, "legal prescription is personal, and general benefits only the person with whom it originates or whose right has been acknowledged." This court then held that "[p]rescription can only accrue in favor of the individual members forming the community regime." *Id.* at 1192.

Furthermore, since we find that the trial court correctly found Burton liable in solido with his wife for the damages, which is discussed below, Burton "may not raise a defense that is personal to another solidary obligor." La.Civ.Code art. 1801.

## SOLIDARY LIABILITY

Burton argues that the trial court erred in holding him liable in solido with his wife for the funds she embezzled and granting summary judgment in favor of Daigle Oil. Burton claims that he did not know his wife was committing the thefts so he should not be held liable in solido with his wife pursuant to La.Civ.Code art. 2324.

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable person could disagree;

3

if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755. Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

"An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." La.Civ. Code art. 2360. "Except as provided in Article 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations." La.Civ.Code art. 2361.

Louisiana Civil Code Article 2363 provides that "[a]n obligation resulting from an intentional wrong or an obligation incurred for the separate property of spouse is likewise a separate obligation to the extent that it does not benefit both spouses, the family, or the other spouse."

> [T]he presumption that obligations incurred by a spouse during the existence of the community property regime are debts of the community is rebuttable. *See Krielow v. Krielow*, 622 So.2d 732 (La.App. 3 Cir.1993), *writ granted*, 93-2539 (La.1/7/94); 631 So.2d 432, *reversed on other grounds*, 93-2539 (La. 4/11/94; 635 So.2d 180). In order to counter this presumption, a spouse must show that the debt in question was not incurred for the benefit of the community; thus, it is necessary to examine the uses to which the borrowed money was put. See *McConathy v. McConathy*, 632 So.2d 1200 (La.App. 2 Cir.1994); and *Ledet v. Ledet*, 496 So.2d 381 (La.App. 4 Cir.1986). Such evidence must be shown by an intermediate standard of proof "more traditionally stated as 'clear and convincing' " *Salley v. Salley*, 647 So.2d 1164 (La.App. 3 Cir.1994).

*Keene v. Reggie*, 96-740, pp. 13-14 (La.App. 3 Cir. 10/22/97), 701 So.2d 720, 728-29.

In *Gardes Directional Drilling, Inc. v. Bennett*, 01-80 (La.App. 3 Cir. 6/6/01), 787 So.2d 1201, *writ denied,* 01-1991 (La. 10/26/01), 799 So.2d 1154, this

4

court followed the reasoning in *First State Bank & Trust Co. v. Fireman's Fund Ins. Co.*, 399 So.2d 729 (La.App. 1 Cir. 1981), to hold a husband liable for the return of funds his wife stole from her employer, even though the husband had no knowledge of the embezzlement activity. This court agreed with the trial court that the debt created a community debt for which the husband could be held liable and rendered him personally liable for the return of the funds taken by the wife.

The court in *First State Bank & Trust Co.* relied on what is now La.Civ.Code art. 2299 which provides that "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." The first circuit held that there was presumptive proof that the community benefitted when the funds were deposited into a community account. This presumption was not rebutted, so the husband was found liable in solido with his wife to her employer.

In *Johnson v. Henry*, 16-271 (La.App. 1 Cir. 10/31/16), 206 So.3d 916, the court found that the husband was liable with his wife in solido. The wife stole someone's social security number and used it to purchase a computer that the family used. Citing La.Civ.Code art. 2361, the court held that "an obligation resulting from an intentional wrong that was perpetrated for the benefit of the community is . . . presumed to be community." *Id.* at 920.

Also relying on La.Civ.Code art. 2361, the second circuit held that a wife was liable in solido for her husband's fraudulent conduct even though she did not know that her husband's conduct was fraudulent because there was no evidence that the community did not benefit from her husband's conduct. *Skannal v. Bamburg*, 44,820 (La.App. 2 Cir. 1/27/10), 33 So.3d 227, *writ denied*, 10-707 (La. 5/28/10), 36 So.3d 254. In *Lafayette Ins. Co. v. Pennington*, 42,434 (La.App. 2 Cir.

5

9/19/07), 966 So.2d 136, the second circuit also found a husband liable in solido with his wife for monetary damages for money she stole from her employer.

Further explaining when a non-debtor spouse is personally liable, the second circuit, relying on La.Civ.Code art. 2357, in *Lawson v. Lawson*, 535 So.2d 851, 853 (La.App. 2 Cir. 1988), held that a non-debtor spouse "is *not* personally liable for separate or community debts incurred by the other spouse *unless* the non-debtor spouse has disposed of former community property . . . and has done so for a purpose other than the satisfaction of community obligations." The court also found that personal liability could be imposed on the non-debtor spouse who assumed the liability in writing.

In the present case, Daigle Oil introduced evidence that 706 checks were made payable to Elizabeth Istre in the amount of $2,652,072.62 and 147 checks were made payable to Burton Istre in the amount of $1,711,304.17. Records of the expenditures from the accounts the checks were deposited into indicate that monies were used to pay Burton's child support obligation from a previous marriage, for trips to Cancun, and for common expenses of the household. Daigle Oil clearly established that stolen funds were used for the common interest of the spouses over the years. We agree with the trial court that Burton should be held personally liable for the funds embezzled by his wife from Daigle Oil. The trial court was correct in rendering judgment against Burton and holding him liable in solido with Elizabeth.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Burton Istre.

**AFFIRMED.**

6