## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-9


**SUCCESSION OF**

**TIMOTHY DUPRE MOSING**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-0461
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**REVERSED.**

**Jack M. Alltmont**
**Sessions, Fishman, Nathan & Israel, LLC**
**400 Poydras Street, Suite 2550**
**New Orleans, LA 70130**
**(504) 582-1500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Carmen Bergeron Mosing**
  **Carmen Bergeron Mosing obo Chloe Bella Mosing**
  **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Michael R. Allweiss**
**Lowe, Stein, Hoffman & Allweis**
**701 Poydras Street, Suite 3600**
**New Orleans, LA 70139**
**(504) 581-2450**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Carmen Bergeron Mosing**
  **Carmen Bergeron Mosing obo Chloe Bella Mosing**
  **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Richard C. Stanley**
**Eva J. Dossier**
**Stanley, Reuter, Ross, Thornton & Alford, LLC**
**909 Poydras Street, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-5180**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Carmen Bergeron Mosing**
  **Carmen Bergeron Mosing obo Chloe Bella Mosing**
  **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Max N. Tobias, Jr.**
**Liska, Exnicios & Nungesser**
**1515 Poydras Street, Suite 1400**
**New Orleans, LA 70112**
**(504) 410-9611**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Carmen Bergeron Mosing**
  **Carmen Bergeron Mosing obo Chloe Bella Mosing**
  **Carmen Bergeron Mosing obo Chase Dupre Mosing**

**Daniel J. Finch**
**Christopher B. Bailey**
**Shawn A. Carter**
**Randazzo, Giglio & Bailey, LLC**
**900 E. Saint Mary Boulevard,  Suite 200**
**Lafayette, LA 70503**
**(337) 291-4900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Sharon Mosing Miller**

**Gary McGoffin**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**P.O. Box 51308**
**Lafayette, La 70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
       **Steven Brent Mosing**
       **Michael Frank Mosing**

**Jeffrey K. Coreil**
**Frank X. Neuner, Jr.**
**NeunerPate**
**1001 W. Pinhook Road, Suite 200**
**Lafayette, La 70503**
**(337) 237-7000**
**COUNSEL FOR OTHER APPELLEES:**
       **Franks Casing Crew & Rental Tools, Inc.**
       **Franks International, LLC**

**GREMILLION, Judge.**

Plaintiff/Appellant, Carmen Bergeron Mosing, individually and as tutrix for her minor children, Chase and Chloe Mosing, appeals the judgment of the trial court that dismissed her petition for damages against the executrix of Carmen's husband's estate, Sharon Mosing Miller, and her two surviving brothers, Steven Brent Mosing (Brent) and Michael Frank Mosing (Michael), on exceptions of res judicata and, as to Brent and Michael, exceptions of prescription. Sharon, Brent, and Michael have also filed a motion to strike references in Carmen's brief to proffered testimony of her former attorney. For the reasons that follow, we reverse and find that the motion to strike is rendered moot.

### FACTUAL AND PROCEDURAL BACKGROUND

Carmen's husband, Timothy Dupre Mosing, died testate on April 1, 2008, in a motorcycle accident. Timothy left one major child, Brandon, and two minor children, Chase and Chloe. In his will, Timothy named Sharon, his sister, as the independent executrix of his estate. Sharon filed a petition to probate Timothy's will on July 7, 2008.

A trust had been created by Timothy's mother that made Brandon the beneficiary. Because Timothy had been the trustee, it was necessary to name a successor, and Brent petitioned to be appointed successor trustee on August 22, 2008. An order appointing Brent trustee was signed on the same day.

On June 7, 2013, an affidavit of death, jurisdiction, and relationship executed by Brent and Robert Roy Gilbert was filed.

A silence fell over the record until March 5, 2018, when Carmen filed a petition for notice of all filings. On July 16, 2018, Carmen filed the petition for damages that forms the subject of this appeal. In her petition, Carmen alleged that

Sharon breached her fiduciary duty as executrix by entering into prohibited contracts with the succession and in failing to preserve the corpus of the estate.[1] Carmen also alleged that Sharon intentionally took these actions because she never approved of Timothy and Carmen's spending habits and wanted to ensure that Carmen received no interest in the family businesses.

On July 16, 2018, Carmen filed a rule to show cause why Timothy's heirs should not be placed in possession. A rule was fixed and continued once. Before that hearing, on September 20, 2018, Sharon filed a detailed descriptive list. The next day, the parties filed a joint motion for consent judgment of possession.

On November 19, 2018, Sharon filed a final accounting, which was amended on February 28, 2019. Brandon joined Sharon's homologation of the detailed descriptive list. This was not joined by Carmen. The judgment of homologation was signed that day.

Carmen supplemented her petition for damages on November 25, 2019, by naming Brent and Michael as defendants. She alleged that they acted in concert with Sharon to deprive Timothy's legatees of their inheritance by entering into the dation and were bound in solido with Sharon.

Sharon, Brent, and Michael each filed exceptions of no cause of action and res judicata. Brent and Michael also filed exceptions of prescription. In asserting their exceptions of res judicata, the defendants urged that the entry of the homologation ended the succession pursuant to La.Code Civ.P. art. 3337, which

---

[1] While not germane to the appeal, the allegations are that Sharon and her surviving brothers each loaned the estate $550,000 to pay estate taxes, then entered into a dation en paiement whereby the estate gave them Timothy's stock in the family business. Carmen further alleges that following a 2016 flood event, the family home was damaged, and Sharon did not effect repairs on the grounds that the estate did not have enough money. The petition further alleged that Sharon had not insured the home and contents.

provides, "A judgment homologating any account other than a final account shall be prima facie evidence of the correctness of the account. A judgment homologating a final account has the same effect as a final judgment in an ordinary proceeding." They also argued that the consent judgment of possession constituted a compromise of the dispute.

The trial court ruled that the consent judgment of possession and judgment of homologation constituted res judicata to Carmen's petition for damages. The trial court also maintained the exception of prescription filed by Brent and Michael.

## ASSIGNMENTS OF ERROR

Carmen urges the following assignments of error:

1. The district court erred in shifting the burden of proof to the Plaintiffs and refusing to hear the Plaintiffs' evidence refuting Sharon's exception of res judicata.

2. The district court erred by ruling that the Consent Judgment of Possession and the Judgment of Homologation were res judicata.

3. In the alternative, the district court erred in failing to apply the statutory exception to res judicata.

4. The district court erred by granting Brent and Michael Mosing's exception of prescription because the claims against them were filed within the applicable 10-year prescriptive period.

## DISCUSSION

A testamentary executrix is a succession representative. La.Code Civ.P. arts. 3081-3083. She owes a fiduciary duty to the succession, "shall have the duty of collecting, preserving, and managing the property of the succession," and "shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from [her] failure so to act." La.Code Civ.P. art. 3191(A). As a fiduciary, the executrix may not place her own interests above that of the succession.

*Succession of Mangle*, 452 So.2d 197 (La.App. 3 Cir.), *writ denied*, 452 So.2d 1176 (La.1984). The executrix is required to file annual accountings and a final accounting. La.Code Civ.P. arts. 3331, 3332. The executrix also has the duty "to close the succession as soon as advisable." La.Code Civ.P. art. 3197.

A claim for breach of the executrix's fiduciary duty or other act as succession representative is subject to a two-year prescriptive period that commences to run from the day of the judgment homologating the final accounting, except in actions for recovery of misappropriated property or funds or for non-payment of funds shown in the final accounting. La.R.S. 9:5621. Actions for recovery of misappropriated property or funds are personal obligations subject to a ten-year prescriptive period. *Succession of Granger v. Worthington*, 02-433 (La.App. 3 Cir. 10/30/02), 829 So.2d 1108; La.Code Civ.P. art. 3499.

The exception of res judicata is governed by the terms of La.R.S. 13:4231, which reads:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

4

Subsequent litigation of a matter is precluded when: 1) there is a valid final judgment; 2) the judgment is between the same parties; 3) the cause of action in the subsequent suit existed at the time of the final judgment in the first suit; and 4) the cause of action asserted in the subsequent suit arises from the same transaction or occurrence that was the subject matter of the first suit. *Rain CII Carbon, LLC v. Turner Indus. Group, LLC*, 19-403 (La.App. 3 Cir. 3/18/20), 297 So.3d 797, *writ denied*, 20-774 (La. 10/20/20), 303 So.3d 319. Whether a judgment constitutes res judicata in subsequent litigation is a question of law that we review de novo. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995. The trial court's factual findings, however, are subject to reversal only upon manifest error. *Id*.

We will first examine the issue of whether the consent judgment of possession can be considered res judicata as to the claims for breach of the executrix's fiduciary duties, then, if necessary, turn to the issue of compromise.

### *Do the judgments of possession and homologation constitute valid final judgments in a succession?*

"Succession is the transmission of the estate of the deceased to his successors. The successors thus have the right to take possession of the estate of the deceased after complying with applicable provisions of law." La.Civ.Code art. 871. Therefore, certainly, the judgment of possession constitutes a valid final judgment. As Article 871 makes clear, the goal of succession is placing the successors into possession. Similarly, La.Code Civ.P. art. 3337 expressly provides that a judgment of homologation of "a final account has the same effect as a final judgment in an ordinary proceeding."

***Who were the parties to Timothy's succession?***

Prior to the filing of Carmen's petition for damages, the only appearances in the matter were by Sharon and Carmen. Brent and Michael had not entered appearances in the succession, nor had they been cited to appear. More importantly, the only parties to the consent judgment of possession were Sharon, Brandon, and Carmen, both individually and on behalf of her children. Brent and Michael were not added as defendants until over fourteen months had passed since the entry of the consent judgment of possession. While Sharon and Carmen were parties to the succession, Brent and Michael were not, nor were they parties to the judgment of possession.

***What is the transaction or occurrence in the succession?***

"Succession occurs at the death of a person." La.Civ.Code art. 934. The goal of succession is placing the successors into possession of the decedent's estate. The transaction or occurrence in a succession is the death of the deceased.

The demand against a faithless succession representative is to recover damages occasioned during the discharge of her responsibilities. La.Code Civ.P. art. 3191(A). The transaction or occurrence in a claim against a succession representative is the breach of her fiduciary responsibilities.

The closing of the succession does not preclude a demand against the succession representative for breaches of the fiduciary responsibilities. This fact is borne out in La.R.S. 9:5621, which reads:

> Actions against any person who has served as curator of a vacant succession or as administrator, testamentary executor, or dative testamentary executor of a succession in this state, or against the surety on his bond, arising out of any act the succession representative, as such, may have done or failed to do, are prescribed by two years, reckoning from the day of the judgment homologating the final account.

6

This prescription shall not be suspended or interrupted because of the incapacity of the person who might bring the action, reserving to him his recourse against his tutor or curator.

This prescription does not apply to actions for the recovery of any funds or other property misappropriated by the succession representative nor to actions for any amount not paid in accordance with the proposed payments shown on the final account.

The legislature would not have created a prescriptive period that extends beyond the life of the final judgment in a succession had it intended for the finality of the succession to constitute res judicata to a claim against the succession representative.

The succession and the demands against Sharon, Brent, and Michael do not arise from the same transaction or occurrence. Therefore, the judgments do not bar Carmen's demands based upon a separate transaction or occurrence.

### Did the consent judgment of possession compromise Carmen's demands?

Compromise or settlement of a matter also constitutes res judicata. La.Civ.Code art. 3080. A compromise is a nominate contract in Louisiana, and its effect is normally determined within its four corners, without resort to extrinsic evidence, in accordance with the general rules of contract interpretation. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741. "A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La.Civ.Code art. 3076. The moving party bears the burden of proving that a compromise was entered and constitutes res judicata. *Brown*, 630 So.2d 741.

The first paragraph of La. C.C. art. 3071 provides for two elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences. *See Brown v. Drillers, Inc.,* 93–1019, p. 6 n. 8 (La.1/14/94), 630 So.2d 741, 747 n. 8.

7

*Trahan v. Coca Cola Bottling Co. United, Inc.*, 04-0100, p. 10 (La. 3/2/05), 894

So.2d 1096, 1104.

      The consent judgment is reproduced below:

FIFTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

PROCEEDING NO. 2008-0461

SUCCESSION

OF

TIMOTHY DUPRÉ MOSING

FILED:_____                    _____
                                                        DEPUTY CLERK

## CONSENT JUDGMENT OF POSSESSION

Considering the testament of the deceased, which has been given the effect of probate; the Motion and Rule to Show Cause Why Heirs and Legatees Should Not Be Placed Into Possession filed by Carmen Bergeron Mosing, in her capacity as a legatee in this Succession and as tutor for her minor children, Chloe Bella Mosing and Chase Dupré Mosing, also legatees in this Succession; the records of these proceedings; and the Joint Motion for Entry of Consent Judgment of Possession and the consent of the Independent Executor, Sharon Mosing Miller, and all heirs and legatees of this Succession:

IT IS ORDERED, ADJUDGED, AND DECREED that the Joint Motion for Entry of Consent Judgment of Possession is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

1.      Carmen Begeron Mosing, whose address is 215 Republic Avenue, Apt. 2302, Lafayette, Louisiana 70508, is recognized as the surviving spouse in community with Timothy Dupré Mosing (the "Decedent") and, as such, entitled to the ownership, and placed in possession, of an undivided one-half (1/2) interest in all of the property belonging to the community of acquets and gains which formerly existed between her and Decedent as listed in the Detailed Descriptive List filed by Sharon Mosing Miller on September 14, 2018, including but not limited to the following property:

    a.      That certain lot of ground together with all buildings and improvements and component parts thereof, with all rights, ways, privileges, and servitudes thereunto appertaining, situated in Section 72, T10S, R4E, Lafayette Parish, Louisiana, and being known and

000124

1254502v.1

9

designated as LOT 4 of L.O. PECK EAST BAYOU OAKS SUBDIVISION, EXTENSION NUMBER TWO, said lot having such measurements, boundaries, configurations and dimensions as are more fully shown on that certain plat of survey prepared by Rodney A. Naylor, dated October 2, 1994 and filed under Entry No. 97-20671, records of Lafayette Parish, Louisiana, and which bears the municipal address of 107 Bonner Dr., Lafayette, Louisiana 70508;

b. 100% of TDM Investments, Inc., a closely held Louisiana corporation;

c. Capital One Bank checking account #2041380945;

d. Household goods, furniture, furnishings, and personal effects;

e. All automobiles and other vehicles owned by Decedent; and

f. An approximate 25' x 25' building located on leased land;

2. Carmen Bergeron Mosing is recognized as a particular legatee and placed into possession of Decedent's interest in the following:

a. That certain lot of ground together with all buildings and improvements and component parts thereof, with all rights, ways, privileges, and servitudes thereunto appertaining, situated in Section 72, T10S, R4E, Lafayette Parish, Louisiana, and being known and designated as LOT 4 of L.O. PECK EAST BAYOU OAKS SUBDIVISION, EXTENSION NUMBER TWO, said lot having such measurements, boundaries, configurations and dimensions as are more fully shown on that certain plat of survey prepared by Rodney A. Naylor, dated October 2, 1994 and filed under Entry No. 97-20671, records of Lafayette Parish, Louisiana, and which bears the municipal address of 107 Bonner Dr., Lafayette, Louisiana 70508;

b. All automobiles and other vehicles owned by Decedent; and

c. Household goods, furniture, furnishings, and personal effects;

3. Brandon Michael Mosing, Chloe Bella Mosing, and Chase Dupré Mosing are recognized as owners and placed into possession of the rest, residue, and remainder of

- 2 -

1254502v.1

Decedent's estate, in equal shares, including all movable property (tangible and intangible) and all immovable property wherever located or proceeds from the sale/disposition thereof, including, but not limited to, the following:

a. Decedent's 50% community property interest in TDM Investments, Inc.;

b. Decedent's 50% community property interest in Capital One Bank checking account #2041380945;

c. Decedent's 50% community property interest in an approximate 25' x 25' building located on leased land;

d. Proceeds from the sale of: An undivided one-fifth (1/5) of an undivided one-half (1/2) of that certain tract or parcel of ground, together with all buildings and improvements thereon and all rights, ways, privileges and servitudes thereto appertaining and all appurtenances thereof, situated in Section 48, Township 10 South, Range 4 East, in the corporate limits of the City of Lafayette, Parish of Lafayette, Louisiana, being situated in Briar Ridge, Phase I, a subdivision of the City of Lafayette, Parish of Lafayette, Louisiana, having such configuration, dimensions, metes and bounds and being designated as Lot 17 and 18 thereof and particularly depicted between the letters A, B, C, D, E, F and A on that certain plat of survey prepared by Sellers, Dubroc & Associates, Inc., Consulting Engineers, dated September 18, 1990, which plat of survey was filed of record on January 4, 1991 under Act No. 91-000432 of the Conveyance Records if Lafayette Parish, Louisiana;

e. Proceeds from the sale of: An undivided one-fifth (1/5) of an undivided one-half (1/2) of that certain tract or parcel of ground, together with all buildings and improvements thereon and all rights, ways, privileges and servitudes thereto appertaining and all appurtenances thereof, situated in Section 48, Township 10 South, Range 4 East, in the corporate limits of the City of Lafayette, Louisiana, being more particularly depicted between the letters A, B, C, D, E, F and A on the plat recorded under File No. 91-022647 of the Records of the Clerk of Court of Lafayette Parish, Louisiana;

f. An undivided one-fifth (1/5) of an undivided one-half (1/2) of 380,000 shares of Class A Stock of Frank's Casing Crew and Rental Tools, Inc.;

000126

- 3 -

g. An undivided one-fifth (1/5) of an undivided one-half (1/2) of 125,000 shares (25%) of 4-M Investments, Inc.;

h. An undivided one-fifth (1/5) of an undivided one-half (1/2) of 125,000 shares of Bill's Aero, Inc.;

i. An undivided one-fifth (1/5) of an undivided one-half (1/2) of 25,000 shares of the successor-in-interest to Frank's Tong Service, Inc.;

j. Cash Balance of Smith Barney account #616-06148-11;

k. An undivided one-fifth (1/5) of an undivided one-third (1/3) of 99% of Jessie K. Mosing, L.L.C., a Louisiana limited liability company;

l. An undivided one-fifth (1/5) of an undivided one-half (1/2) of .333% of Jessie K. Mosing, L.L.C., a Louisiana limited liability company;

m. The usufructuary accounting debt owed Decedent by Clara LeBlanc Mosing;

n. One-fifth (1/5) interest as beneficiary of July 1, 1982 life insurance trust;

o. Debt owed Decedent by USDA for seed money related to Texas real property interest;

p. One-fifth (1/5) of membership interest in 5K Investments, L.L.C., a Louisiana limited liability company; and

q. The balance in any and all accounts titled in the name of, or otherwise owned by, Decedent, the Estate of Timothy Dupré Mosing, or the Succession of Timonhy Dupré Mosing, including, but not limited to, Hancock Whitney account 1191005564.

4. All banks, brokerages, insurance companies, other institutions and individuals are hereby ordered to take the necessary action to effect the transfer of title to the foregoing assets in accordance with this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Independent Executor of this Succession, Sharon Mosing Miller, shall file a verified, sworn detailed descriptive list of all assets and liabilities of the Estate of Timothy Dupré Mosing, pursuant

000127

-4-

1254502v.1

12

to Louisiana Code of Civil Procedure article 3396.18, and a final account of her administration of this Succession, pursuant to Louisiana Code of Civil Procedure article 3396.19, within sixty (60) of the rendering of this Judgment.

**JUDGMENT READ, RENDERED AND SIGNED** in Lafayette, Louisiana, this 21st day of September, 2018.

_____
JUDGE

ALL PAGES APPROVED AS TO FORM AND CONTENT AND SUBMITTED BY:

_____
C. Lawrence Orlansky, La. Bar No. 02039
Laura Walker Plunkett, La. Bar No. 27316
W. Brett Mason, La. Bar No. 22511
Matthew S. Almon, La. Bar No. 31013
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200

*Attorneys for Carmen Bergeron Mosing, Individually and As Tutor for Her Minor Children, Chloe Bella Mosing and Chase Dupré Mosing*

_____
Daniel J. Finch, La. Bar No. 33127
    Of
RANDAZZO, GIGLIO & BAILEY, L.L.C.
900 E. Saint Mary Boulevard
Lafayette, Lousiana 70503
Telephone: (337) 291-4900

*Attorney for the Independent Administrator, Sharon Mosing Miller*

_____
Brandon Michael Mosing

*Pro Se* _____

Succession of Timothy Dupré Mosing
15th JDC No. 2008-0461

STATE OF LOUISIANA PARISH OF LAFAYETTE
I hereby certify that a certified copy of this judgement/order has been mailed/served parties this 24 day of Sept. 20 18
_____
Deputy Clerk of Court
CC: Matthew S. Almon
Daniel Finch
Brandon Mosing

FILED THIS 21 DAY OF September 20 18
_____
Deputy Clerk of Court

000128

- 5 -

1254502v.1

The judgment of possession does not reference the demands against Sharon. If "[a] compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express[,]" per La.Civ.Code art. 3076, the only difference resolved in this judgment is the placing of the heirs in possession. This judgment cannot be construed as resolving the damage claims against Sharon, Brent, and Michael. The trial court erred in holding that this judgment constituted res judicata to Carmen's demands resulting from Sharon's actions as succession representative.

Because we discern from the four corners of the judgment that no compromise was expressed therein or intended thereby, we need not address Sharon, Brent, and Michael's motion to strike. The referenced proffered testimony of Carmen's attorney was not considered in arriving at our decision.

### *Were the demands against Brent and Michael prescribed?*

The allegations against Brent and Michael are set forth in Carmen's "Supplemental and Amending Petition for Damages," which was filed on November 25, 2019. The specific allegations are:

> 55. Sharon, Brent and Michael are liable jointly, severally and *in solido* to Carmen, individually and on behalf of her minor children, for all damages and losses resulting from the dation referenced at Article 18 of the original Petition and as a result of their actions and omissions relating to that dation en paiement ("the dation") and the taking by them of the Timothy Mosing Estate's Interest in FCC.

> 56. At the time of the dation, Sharon, Brent and Michael all knew full well that the Timothy Mosing Estate's Interest in FCC far exceeded the $1,645,666 of debt for which the stock was given to them in payment of said debt. Brent and Michael worked in concert with Sharon to obtain those FCC shares for themselves to the direct economic detriment of Carmen and her children.

> 57. All three of them, Sharon, Brent and Michael[,] have greatly profited at the expense of Carmen and her children taking advantage of Sharon's breach of her fiduciary duties to Carmen and to her children

14

(as more fully detailed in the original petition herein) and by working in concert with each other for the economic benefit of the three of them.

58. Brent and Michael are liable to Carmen and her children because they have caused damage to Carmen and her children by working with Sharon to deprive Carmen and her children of the fair economic value of said FCC stock. They are further liable under La. C.C. Art. 2299, *et seq.* for having received assets not due to them (i.e. the FCC stock) for a grossly and wantonly insufficient price. Hence, they are responsible (a) to return to Carmen and her children the economic value that they derived at the expense of Carmen and her children from acquisition of said stock and (b) for all damages suffered by Carmen and her children as a result of their actions and omissions including all economic losses and emotion damages.

59. The losses incurred by Carmen and her children having resulted from the intentional wrongdoing of defendants. Therefore, Petitioner is entitled to and demands the recovery of her reasonable attorney fees incurred in this action.

60. As to the magnitude of the loss suffered by Carmen and her children, Petitioner notes that the FCC shares were ultimately exchanged for shares in Frank's International, N.V. ("FINV"). In 2013 FINV went public. The initial private offering ("IPO") per-share price was $22.00. The value of the shares of FINV that were derived from the FCC shares taken from Carmen and her children by way of the dation had a value at the IPO price of $16,503,894.00, ten times the amount that Sharon, Brent and Michael paid by virtue of the dation.

The peremptory exception of prescription is governed by La.Code Civ.P. art. 927.

Prescription represents a personal defense that one party cannot urge on behalf of

another. *Daigle Oil Dist., LLC v. Istre*, 17-1069 (La.App. 3 Cir. 4/11/18), 243 So.3d

628. The defense of prescription must "be specially pleaded." La.Code Civ.P. art.

927(B). Prescription is the only objection under La.Code Civ.P. art. 927 that the

court is prohibited from raising on its own. *Id.* "[P]rescriptive statutes are strictly

construed against prescription and in favor of the obligation sought to be

extinguished; thus, of two possible constructions, that which favors maintaining, as

opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646, p. 10

(La. 1/19/05), 892 So.2d 1261, 1268. The party urging prescription bears the burden

of proving the merits of the exception except when the grounds of the exception are evident on the face of the petition, in which case the burden shifts to the plaintiff to demonstrate that prescription has not tolled. *Id.*

Lastly, the standard of review of exception of prescription depends upon whether evidence was adduced at the hearing; if no evidence was adduced, the standard of review is de novo, but if evidence was adduced, the standard of review is manifest error. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880. (La.1993).

Carmen attempted to introduce evidence into the record in the form of the testimony of her former attorney, but his testimony was stricken. The documents reflecting the dation were in the record. The trial court found that any action against Brent and Michael resulting from the dation lay in tort and was subject to a one-year prescriptive period. We disagree.

The pertinent allegations against Sharon in the original petition assert that she entered into the dation as executrix and in her individual capacity to acquire Timothy's interest in the family business at a deeply discounted rate. Carmen amended her petition to assert that Brent and Michael conspired with her to deprive the succession of the interest in the family business.

> The estate of a deceased means the property, rights, and obligations that a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether he has only left charges without any property. *The estate includes not only the rights and obligations of the deceased as they existed at the time of death, but all that has accrued thereto since death*, and the new charges to which it becomes subject.

La.Civ.Code art. 872 (emphasis added). We have already noted that the goal of succession is the placing into possession of a deceased successors of the estate. That means even those rights since the death of the deceased. *Id.* "An action for the

recognition of a right of inheritance *and recovery of the whole or a part of a succession* is subject to a liberative prescription of thirty years. This prescription commences to run from the day of the opening of the succession." La.Civ.Code art. 3502 (emphasis added).

The claim against Sharon, Brent, and Michael regarding the stock in the family business and the fruits that have accrued since Timothy's death have not prescribed, as it seeks recovery of a part of the succession.

## CONCLUSION

The succession and the petition for damages filed therein do not arise from the same transaction or occurrence. The transaction or occurrence in the succession is Timothy's death and the requirement that his successors be placed into possession; the transaction or occurrence in the petition for damages is the alleged breach or breaches of the executor's fiduciary duty to the succession and alleged conspiracy between the executrix and her brothers to enter into a dation en paiement with the succession as to deprive Timothy's heirs of a portion of the estate. Carmen's claim for recovery of Timothy's interest in the family business and his rights that accrued since his death represents an action for the recovery of a part of the succession and is subject to thirty-year liberative prescription. The judgment of the trial court is reversed. All costs of the proceedings are taxed to defendants/appellees, Sharon Mosing Miller, Steven Brent Mosing, and Michael Frank Mosing.

**REVERSED.**